PARKS *et al.* v. BAY *et al.*

(*Circuit Court, E. D. Missouri, E. D.* January 3, 1891.)

PATENTS FOR INVENTIONS—INFRINGEMENT—NUT-LOCKS.

In a patent for a nut-lock, claim 1 is for a combination, with a nut having a notched or serrated face, of a rectangular washer, split across one of its sides, the ends thus formed being bent in opposite directions, and "each being beveled from one side to the other, to form a knife edge," substantially as described. Claim 2 also describes the ends of the split washer as being beveled to form a knife edge. In the specifications the ends of the washer are said to have "a sharp edge," and "sharp spring-lips," to engage the serrated surface of the nut. *Held*, that the patent must be restricted to washers having beveled sharp edges, and the use of similar washers with square edges does not constitute an infringement.

In Equity.

*Wm. C. Marshall,* for complainants.
*Wm. M. Eccles,* for defendants.

THAYER, J. For the purposes of this decision it will be conceded that plaintiffs' improved nut-lock possesses patentable novelty, although, in view of the state of the art, there may be some doubt on that point. Among the numerous prior patents referred to in the answer, and put in evidence, there are several which render it questionable whether the patent in suit ought to be sustained. I am satisfied that it can only be upheld by limiting it to the precise form of device described and claimed. The patentees cannot consistently object to such a construction of the patent, as it appears to have been their expectation when the application was pending, as evidenced by their correspondence with the patent-office, that the patent would be so limited and construed. The claims are as follows:

"(1) In a nut-lock, the combination, with a nut having a notched or serrated face, of a rectangular washer, split across one of its sides, the ends thus formed being bent in opposite directions to substantially the same degree, and each being beveled from one side to the other, to form a knife edge, substantially as specified.

"(2) As a new article of manufacture, a rectangular washer, made of tempered steel, and having a bolt-hole, one side of the washer being cut through from the edge to the bolt-hole, the ends thus formed being bent in opposite directions to substantially the same degree, and each end being beveled from one side to the other, to form a knife edge, substantially as described."

In the descriptive part of the specification, the ends formed by cutting the washer through from one side to the bolt-hole, are said to have "a sharp edge," and "sharp spring-lips" to engage the serrated surface of the nut, and prevent it from turning; and Fig. 3, attached to the specification, which purports to be a detail drawing of the washer in question, also shows an unmistakable bevel, forming such a "knife edge" as is described in the claims.

Further comment is unnecessary, to demonstrate, that the beveling of the ends of the washer where it is cut through, so as to form a "sharp or knife edge," as distinguished from a square edge, is an essential feature of plaintiffs' invention. It may be that a "square edge"—that is to say, an edge formed by cutting through the washer in a plane perpendicular to its surface, and then bending the ends back in opposite directions—would be equally as serviceable as a knife edge, formed by beveling the ends; but it goes without saying that the patentees have made the bevel a material element in both of their claims, and, whether it was necessary or unnecessary so to do, they must be limited to what they have claimed.

In view of the construction of the patent herein adopted, there is no evidence of infringement, as none of the washers made by defendants, so far as shown, have a knife edge formed by beveling the ends.

The bill is accordingly dismissed.